PHILLIP A. TALBERT
United States Attorney
JEFFREY A. SPIVAK
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

**FILED**
Oct 17, 2024
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>SETH ADAM DEPIANO (1),<br><br>PAOLA QUINTERO BELTRAN (3), AND ZAHRIA KIANA BARBER (4),<br><br>            Defendants. | CASE NO. 1:24-cr-00251-JLT-SKO<br><br>18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud (Count 1); 18 U.S.C. § 1343 – Wire Fraud (Counts 2 through 8); 18 U.S.C. § 1956(h) – Money Laundering Conspiracy (Count 9); 18 U.S.C. § 1028A – Aggravated Identity Theft (Counts 10 and 11); and 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c) – Criminal Forfeiture |

### INDICTMENT

COUNT ONE: [18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud]

    The Grand Jury charges:

SETH ADAM DEPIANO (1),

PAOLA QUINTERO BELTRAN (3), AND
ZAHRIA KIANA BARBER (4),

defendants herein, as follows:

    A. Parties and Entities

    At all times relevant to this Indictment,

    1.    Seth Adam DEPIANO ("DEPIANO") was an inmate at the Federal Bureau of Prisons in the States of Mississippi, Oklahoma, and Florida. DEPIANO used the fictitious identities of "Marcus

INDICTMENT                                             1

Lazaro" and "Steven Baron Sr."

2. ███████████████████████████████

███████████████████████████████

3. Paola Quintero BELTRAN ("BELTRAN") was a resident Madera, California in the State and Eastern District of California. BELTRAN used the fictitious identity of "Veronica Valdez."

4. Zahria Kiana BARBER ("BARBER") was a resident of Las Vegas, Nevada. BARBER created and controlled a series of limited liability companies on behalf of herself and DEPIANO.

5. DEPIANO, together with ████████, and BARBER, owned and/or controlled various purported businesses including First American Title Funding LLC, Cloud Property Disolvement Land Group, Memphis Title Company, Tticor Title Funding LLC, and Property Disolvement Firm LLC (the "Real Estate Entities").

## CONSPIRACY AND SCHEME TO DEFRAUD

6. Beginning on a date unknown to the Grand Jury, but not later than in or about March 2021, and continuing to and including at least July 2022, in the State and Eastern District of California and elsewhere, defendants DEPIANO, ████████, BELTRAN and BARBER did knowingly conspire, combine and confederate with each other, and with others known and unknown to the Grand Jury, to cause signs and signals to be transmitted by means of wire and radio communications in interstate commerce, in furtherance of a material scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Sections 1343 and 1349.

## MANNER AND MEANS OF THE CONSPIRACY

7. During the above-described time period, defendants DEPIANO, ████████, BELTRAN and BARBER and others both known and unknown to the Grand Jury conspired to execute a scheme and artifice to defraud by the following manner, means, and acts, among others:

8. DEPIANO, an inmate with the Bureau of Prisons, managed a group of co-conspirators located across the United States to conduct a multi-million dollar real estate fraud scheme.

9. DEPIANO, acting under his fictious identities of "Marcus Lazaro" and "Steven Baron

Sr", and largely communicating via smuggled and contraband prison cell phones, and ▇▇▇▇, acting under his fictious identities of "Steven Baron Jr" and "Nick Sanchez", posed as real estate professionals. DEPIANO and ▇▇▇▇ purported to represent owners of real property interested in selling real property quickly and at discounted prices.

10. DEPIANO and ▇▇▇▇ marketed the properties online to real estate investors interested in purchasing and reselling properties for a profit. DEPIANO and ▇▇▇▇, acting under their fictious identities, became active on real estate websites and online groups, such as Craigslist and Facebook, to market real estate properties to real estate investors. Once DEPIANO and ▇▇▇▇ connected with real estate investors, DEPIANO and ▇▇▇▇ offered to sell properties below fair market value with fictitious stories justifying why the owners needed to sell the properties quickly. DEPIANO and ▇▇▇▇ communicated with potential investors via email and phone. ▇▇▇▇ BELTRAN and others met with potential investors in person under fictitious identities.

11. DEPIANO, ▇▇▇▇ and others created the Real Estate Entities to falsely legitimize the appearance of the real estate transactions. DEPIANO, ▇▇▇▇ and others created bank accounts for the Real Estate Entities in the State and Eastern District of California and elsewhere in order to receive monies from investors. In truth, the Real Estate Entities had no legitimate operations and instead were created and used solely to perpetrate the real estate fraud scheme. The Defendants intentionally gave the Real Estate Entities names that resembled the names of actual real estate companies to trick investors into believing that they were sending their money to legitimate companies.

12. Once a deal was reached, DEPIANO and ▇▇▇▇ drafted fraudulent real estate documents for the transactions, often utilizing the names of the Real Estate Entities, and instructed the investors to wire or send money to bank accounts controlled by the Defendants in the names of the Real Estate Entities. DEPIANO, ▇▇▇▇ and others fraudulently misused the names, identities, and notary stamps of actual notaries public to falsely represent that certain individuals had signed documents, when, in fact, they had not.

13. DEPIANO and ▇▇▇▇ persuaded victims to make increasing contributions. For example, for victim S.S. and her investment group, DEPIANO and ▇▇▇▇ fraudulently sold victim S.S. several real estate properties in the $200,000 to $1,200,000 range. The Defendants then purported

to repurchase those properties from victim S.S. at a price higher than the price paid by S.S. DEPIANO retained the principal of the investments, but returned the purported profits to S.S. The purpose of these transactions was to deceive victim S.S. into concluding that the transactions in which S.S. engaged were legitimate and profitable. After a string of such transactions, DEPIANO and ▇ lured S.S. into a larger fraudulent investment: a $7.8 million investment into a large apartment complex in Houston, Texas. Victim S.S. made an initial investment of over $1.6 million before discontinuing S.S.'s participation in the transaction.

14. Throughout the entirety of the scheme, DEPIANO, ▇ and the other Defendants sold properties they did not own and did not have the authority to sell. DEPIANO, ▇ and the other Defendants did not have a relationship with the actual owners of the properties. In at least one case, the true owner of the property was deceased.

15. Once DEPIANO and the other Defendants received the stolen money from the investors, they disbursed it to themselves and others. ▇ for example, received and deposited roughly $9 million received from investors into various bank accounts under his control between March 2021 and December 2022. ▇ sent numerous outgoing wire transfers to other co-conspirators and purchased cashier's checks during that period. ▇ received proceeds of the real estate fraud scheme and assisted in distributing the proceeds of the fraud through various financial transactions including cash withdrawals, wire transfers, and Cashapp transfers.

16. At all relevant times in carrying out the scheme, the defendants acted with the intent to defraud.

17. The defendants' conduct resulted in a loss of approximately $10,000,000.

All in violation of Title 18, United States Code, Section 1349.

COUNTS TWO THROUGH EIGHT: [18 U.S.C. § 1349 – Wire Fraud]

The Grand Jury further charges:

SETH ADAM DEPIANO (1),
▇
PAOLA QUINTERO BELTRAN (3), AND
ZAHRIA KIANA BARBER (4),

defendants herein, as follows:

INDICTMENT

4

18. The Grand Jury realleges and incorporates by reference the allegations set forth in paragraphs 1 through 5 and 7 through 17 of this indictment.

19. On or about the dates listed below, in the State and Eastern District of California, for the purpose of executing the aforementioned scheme and artifice to defraud, the defendants knowingly transmitted and caused to be transmitted by means of wire and radio communication in interstate and foreign commerce the following writings, signs, signals, pictures and sounds, as follows:

| COUNT | DEFENDANT | APPROX. DATE | DESCRIPTION (ALL VALUES APPROXIMATE) |
|---|---|---|---|
| 2 | DEPIANO BELTRAN | March 26, 2021 | Wire transfer by G.R. of $108,650 processed through Birmingham, Alabama to JPMorgan Chase account ending in 5032 (First American Title Funding LLC) in Bakersfield, California for 108 Oregon Street, Bakersfield, California |
| 3 | DEPIANO BELTRAN | April 7, 2021 | Wire transfer by G.R. of $46,350 processed through Birmingham, Alabama to JPMorgan Chase account ending in 5032 (First American Title Funding LLC) in Bakersfield, California for 515 Klassen Street, Bakersfield, California |
| 4 | DEPIANO | April 23, 2021 | Wire transfer by R.C. of $70,000 processed through Birmingham, Alabama to JPMorgan Chase account ending in 5032 (First American Title Funding LLC) in Bakersfield, California for 3350 Cambridge Street, Las Vegas, Nevada |
| 5 | DEPIANO | Aug. 25, 2021 | Wire transfer by investor R.S. of $90,208 processed through Birmingham, Alabama to Bank of Sierra account ending in 1303 in Bakersfield, California for 2312 Isabelle Avenue, Las Vegas, Nevada |
| 6 | DEPIANO | Oct. 27, 2021 | Wire transfer by A.N.L of $272,408 from Spring Hill, Tennessee to Bank of West account ending in 8853 in Bakersfield, California for 3350 Cambridge Street, Las Vegas, Nevada |
| 7 | DEPIANO | March 8, 2022 | Wire transfer by L.G. of $600,000 from Las Vegas, Nevada to Citizens Business Bank account ending in 2543 in Bakersfield, California for 319 S. 9th Street, Las Vegas, Nevada |
| 8 | DEPIANO | June 23, 2022 | Wire transfer by L.G. of $350,000 from Las Vegas, Nevada to Citizens Business Bank account ending in 2543 in Bakersfield, California for 7511 Beachnut, Houston, Texas |

All in violation of Title 18 United States Code, Section 1343.

COUNT NINE: [18 U.S.C. § 1956(h) – Money Laundering Conspiracy]

The Grand Jury further charges:

SETH ADAM DEPIANO (1),
AND
ZAHRIA KIANA BARBER (4),

defendants herein, as follows:

20. The Grand Jury realleges and incorporates by reference the allegations set forth in paragraphs 1 through 5, and paragraphs 7 through 18 of this indictment.

**MONEY LAUNDERING CONSPIRACY**

21. Beginning on a date unknown to the Grand Jury, but not later than in or about March 2021, and continuing to a date unknown but not earlier than December 2022, in the State and Eastern District of California, and elsewhere, defendants DEPIANO, ▆, and BARBER combined, conspired, confederated, and agreed with each other, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of unlawful activity, to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce involving property that represented proceeds of specified unlawful activity, to wit: conspiracy to commit wire fraud and wire fraud, in violation of Title 18, United States Code, Sections 1349 and 1343.

**MANNER AND MEANS OF MONEY LAUNDERING CONSPIRACY**

22. In furtherance of the money laundering conspiracy, the defendants employed the following manner and means, among others:

23. DEPIANO, ▆, and BARBER knowingly received proceeds of wire fraud and conspiracy as alleged in Counts One through Eight above, into bank accounts controlled by ▆ DEPIANO, and BARBER located in the Eastern District of California and elsewhere.

24. After receiving the proceeds of wire fraud and conspiracy into bank accounts they controlled in the Eastern District of California and elsewhere, DEPIANO, ▆, and BARBER subsequently purchased cashier's checks, withdrew cash, transmitted money domestically and internationally by wire transfer, and transferred money to other individuals and entities, to conceal and disguise the nature, location, source, ownership, and control of such property.

25. DEPIANO, ▓▓▓▓, and BARBER often conducted financial transactions with no apparent purpose other than layering. The goal was to make the process of tracking money through each layer more difficult to accomplish. To accomplish that goal, DEPIANO, ▓▓▓▓ and BARBER changed the nature of the assets and sent the money to others in the United States using a series of transactions. For example, in a six-month period in 2022, DEPIANO and ▓▓▓▓ sent roughly $2 million to an individual who then sent the money back to DEPIANO, ▓▓▓▓ and others via domestic and international wire transfers, cashier's checks, and cash. DEPIANO, ▓▓▓▓ and BARBER conducted these transactions for the purpose of concealing and disguising the nature, location, source, ownership, and control of proceeds of their fraud.

26. BARBER withdrew cash from financial institutions that she received from DEPIANO and ▓▓▓▓, from bank accounts located in the Eastern District of California and elsewhere, which BARBER knew represented proceeds of unlawful activity. BARBER then travelled to casinos in Las Vegas, deposited large amounts of money into gaming machines, and cashed the money out with little to no gaming activity. BARBER set up front companies and purchased several real properties using proceeds of wire fraud. DEPIANO, ▓▓▓▓ and BARBER conducted these transactions for the purpose of concealing and disguising the nature, location, source, ownership, and control of proceeds of wire fraud.

All in violation of Title 18, United States Code, Section 1956(h).

COUNT TEN: [18 U.S.C. § 1028A – Aggravated Identity Theft]

The Grand Jury further charges: THAT

SETH ADAM DEPIANO (1), AND
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

defendants herein, on or about March 26, 2021, in the County of Kern, State and Eastern District of California, and elsewhere, did knowingly possess and use, without lawful authority, a means of identification of another person, to wit: the name, notary commission number, signature and notary stamp of notary public C.H., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), specifically the felony alleged in Count One of this Indictment, Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349, all in violation of 18 U.S.C. § 1028A(a)(1).

COUNT ELEVEN: [18 U.S.C. § 1028A – Aggravated Identity Theft]

The Grand Jury further charges: THAT

SETH ADAM DEPIANO (1), AND

defendants herein, on or about April 7, 2021 State and Eastern District of California, did knowingly possess and use, without lawful authority, a means of identification of another person, to wit: the name, notary commission number, signature and notary stamp of notary public V.C., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), specifically the felony alleged in Count One of this Indictment, Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349, all in violation of 18 U.S.C. § 1028A(a)(1).

FORFEITURE ALLEGATION:   [18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

1.   Upon conviction of one or more of the offenses alleged in Counts One through Eight of this Indictment, defendants SETH ADAM DEPIANO, ▮▮▮▮▮▮▮▮▮▮, PAOLA QUINTERO BELTRAN, and ZAHRIA BARBER, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to such violations, including but not limited to:

   a.   Sale proceeds in the amount of $79,105.10 in lieu of the real property located at 280 Louis Avenue, Girard, Ohio, APN: 14-113670,

   b.   Sale proceeds in the amount of $68,624.38 in lieu of the real property located at 1724 Overland Avenue, Youngstown, Ohio, APN: 53-057-0-276.00-0,

   c.   Sale proceeds in the amount of $64,963.68 in lieu of the real property located at 922-924 Moyer Avenue, Boardman, Ohio, APN: 29-015-0-251.00-0, on deposit with the Clerk of the Court for the Eastern District of California, and

   d.   A sum of money equal to the amount of proceeds traceable to such offenses, for which defendants are convicted.

2.   Upon conviction of one or more of the offenses alleged in Count Nine of this Indictment, defendants SETH ADAM DEPIANO, ▮▮▮▮▮▮▮▮▮▮, and ZAHRIA BARBER, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), all property, real and personal, involved in such offenses, and any property traceable to such property, including but not

limited to:

    a. Sale proceeds in the amount of $79,105.10 in lieu of the real property located at 280 Louis Avenue, Girard, Ohio, APN: 14-113670,

    b. Sale proceeds in the amount of $68,624.38 in lieu of the real property located at 1724 Overland Avenue, Youngstown, Ohio, APN: 53-057-0-276.00-0,

    c. Sale proceeds in the amount of $64,963.68 in lieu of the real property located at 922-924 Moyer Avenue, Boardman, Ohio, APN: 29-015-0-251.00-0, on deposit with the Clerk of the Court for the Eastern District of California, and

    d. A sum of money equal to the amount of money involved in the offenses, for which defendants are convicted.

3. If any property subject to forfeiture, as a result of the offenses alleged in Counts One through Nine of this Indictment, for which defendants are convicted:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of defendants, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA
_____
FOREPERSON

PHILLIP A. TALBERT
United States Attorney

By: **KIMBERLY A. SANCHEZ**
KIMBERLY A. SANCHEZ
Assistant U.S. Attorney
Chief, Fresno Office

INDICTMENT